UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOE BLESSETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-00153 |
| | § | |
| STETT M JACOBY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Now before the Court is Stett M. Jacoby, Steven A. Sinkin, and Sinkin Law Firm ("Defendants'"), Motion to Dismiss. Dkt. 31. After reviewing the motion, the response, and the applicable law, this Court hereby **GRANTS** the motion and **ORDERS** the dismissal of all of the Plaintiff's claims in this case against the Defendants.

### **Background**

On July 23, 1999, a Galveston County court entered a Final Decree of Divorce between the Plaintiff, Joe Blessett ("Blessett"), and Beverly Garcia ("Garcia").[1] In addition to dissolving their marriage, the decree ordered that Blessett make monthly child support payments to Garcia.[2] After Blessett consistently defaulted on this child support obligation for sixteen years, the state court granted Garcia child support arrears in the amount of $131,923.14.[3]

Almost two years after the state court entered its order, Blessett filed a "Notice of Disestablishment of Paternity [and] Demand for Dismissal Pursuant to Sec. 466 42. U.S.C. § 666 5(D)(iii) Fraud and Duress" before the same court.[4] The court denied

---

[1] Dkt. 27-1.
[2] Dkt. 27-1 at P. 11.
[3] Dkt. 27-2.
[4] Dkt. 27-3.

Blessett's request and granted summary judgment in favor of Garcia.[5] Undeterred, Blessett then filed a complaint in this Court almost a month later that was identical to the "Notice of Disestablishment of Paternity" complaint that he filed in state court. Similarly, this Court dismissed Mr. Blessett's complaint.[6] Then again, Blessett filed an action in this Court to sue the attorneys who represented his wife in the child support enforcement proceedings. And again, this Court dismissed the suit for lack of subject matter jurisdiction.[7] Now, Blessett has filed the present action against the Defendants, and others, requesting monetary damages for alleged constitutional violations that occurred as a result of, and during, the adjudication of the state court Order Confirming Support Arrearage.[8]

In the pending motion, the Defendants assert that Blessett's complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and Texas Civil Practice and Remedies Code § 27.006 (b)-(c). For the reasons stated below, the Court finds that the Defendants' motion to dismiss should be granted on 12(b)(1) grounds. Accordingly, the Court finds it unnecessary to discuss the Defendants' 12(b)(6) or § 27.006 (b)-(c) arguments. *See Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Ordinarily, where both these grounds for dismissal apply, the court should dismiss only on the jurisdictional ground under Fed.R.Civ.P. 12(b)(1), without reaching the question of failure to state a claim under Fed.R.Civ.P. 12(b)(6).").

**Legal Standard of Review**

"[F]ederal courts are courts of limited jurisdiction." *Hashemite Kingdom of Jordan v. Layale Enters. (In re B-727 Aircraft)*, 272 F.3d 264, 269 (5th Cir. 2001). Thus, a

---

[5] Dkt. 27-4.
[6] *See Blessett v. Tex. Office of the AG Galveston Cty. Child Support Enf't Div.*, No. 3:17-cv-00164, 2018 U.S. Dist. LEXIS 22972, 2018 WL 836058 (S.D. Tex. Feb. 12, 2018).
[7] *Blessett v. Sinkin Law Firm*, No. 3:17-CV-370, 2018 U.S. Dist. LEXIS 67683, 2018 WL 1932386 (S.D. Tex. Apr. 23, 2018).
[8] Specifically, Blessett has asserted the following claims against the Defendants: 18 U.S.C.S. § 241, 42 U.S.C.S. § 1981, 42 U.S.C.S. § 1982, 42 U.S.C.S. § 1983, 42 U.S.C.S. § 1985, and a claim for intentional infliction of emotional distress. *See* Dkt. 1. Blessett has also filed three claims the Court is unfamiliar with—"Count One - Contracts and adjudicated actions," "Count Two – First Amendment Right," and "Count Four – Validation of Debt." *See id*.

federal court is required to presume that "a cause of action lies outside [its] limited jurisdiction" until "the party asserting jurisdiction" can prove otherwise. *Griffith v. Alcon Research, Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (internal quotation marks omitted). In proving its jurisdictional case, a party may direct the Court to look at "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When a federal claim appears on the face of the complaint, "[d]ismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision." *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010). Ultimately, a court cannot dismiss a claim for lack of subject matter jurisdiction unless "it appears certain that [a party] cannot prove any set of facts" in support of its assertion that jurisdiction is appropriate in federal court. *Bombardier Aero. Emple. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, P.C.*, 354 F.3d 348, 351 (5th Cir. 2003).

## Analysis

The Defendants argue that this Court lacks subject matter jurisdiction because Blessett has not adequately plead a basis for federal jurisdiction over this dispute. In his response, Blessett argues that he has sufficiently pled the existence of federal question jurisdiction:

> "As per 28 U.S. Code § 1331 Federal Question [i]t is U.S. Constitutional right to procedural due process in the enforcement Title IV-D a federal issue enacted by congress. For this court to ignore a first-hand witness the original source of the injury is to assume to know the truth siding with the defendants instead establishing the truth base in fact and law and ignoring Stare Decisis in a U.S. Constitutional issues."

Dkt. 37 at 6. After thorough review, the Court finds that Blessett has not adequately pled that this Court has subject matter jurisdiction over this dispute.

Much like the last suit Blessett filed in this Court, Blessett's complaint is "meandering" and difficult to understand. *Blessett*, 2018 U.S. Dist. LEXIS 67683 at *2. This is exacerbated by the fact that Blessett has asserted several common law claims that neither the Texas nor federal court system have recognized.[9] Therefore, for the purpose of evaluating the Defendants' 12(b)(1) motion, the Court finds that Blessett has filed the following claims: (1) a claim under 18 U.S.C.S. § 241, (2) a claim under 42 U.S.C.S. § 1981, (3) a claim under 42 U.S.C.S. § 1982, (4) a claim under 42 U.S.C.S. § 1983, (5) a claim under 42 U.S.C.S. § 1985, (6) a claim for intentional infliction of emotional distress, (7) a claim for "Contracts and adjudicated actions," (8) a claim for "First Amendment Right," and (9) a claim for "Validation of Debt." Even when construed liberally, the Court does not have subject matter jurisdiction over any of these claims.

With respect to claim (1) under 18 U.S.C.S. § 241 and claim (8) "First Amendment Right," neither of these claims provide a private cause of action in the factual scenario that Blessett has pled. *See Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 760 (5th Cir. 1987) (no private cause of action exists under 18 U.S.C.S. § 241 at all); *see also Gibson v. United States*, 781 F.2d 1334, 1341-42 (9th Cir. 1986) (a limited private cause of action exists under the First Amendment where the alleged misconduct was performed by a federal actor, but that does not apply here). Additionally, with respect to claim (2) under 42 U.S.C.S. § 1981, claim (3) under 42 U.S.C.S. § 1982, claim (4) under 42 U.S.C.S. § 1983, and claim (5) under 42 U.S.C.S. § 1985, Blessett has not pled sufficient facts to provide any plausible foundation to sustain these claims. *See* 42 U.S.C.S. § 1981 (Blessett has not pled that the Defendants have prevented him from making or enforcing a contract); *see also* 42 U.S.C.S. § 1982 (Blessett has not pled any racial discrimination in the sale or rental of property); *see also* 42 U.S.C.S. § 1983 (None of the Defendants are state actors, therefore no § 1983 has been sufficiently pled against them); *see also McLellan v. Miss. Power & Light Co.*, 545 F.2d 919, 923 (5th Cir. 1977) (Blessett has not plead the necessary element of conspiracy for a § 1985 claim). Similarly, the Court does not have subject matter jurisdiction over the claims for (7)

---

[9] *See* Dkt. 1 (for Blessett's claim for "Contracts and adjudicated actions" and "Validation of Debt.").

"Contracts and adjudicated actions" and (9) "Validation of Debt." *See* Dkt. 1. And lastly, because Blessett pleads that the Defendants "domicile[] in the state of Texas," no diversity of citizenship exists to give this Court subject matter jurisdiction under 28 U.S.C.S. § 1332 over (6), Blessett's claim for intentional infliction of emotional distress.

## Conclusion

For the foregoing reasons, the Court finds that Blessett has not met his burden of establishing that this Court has subject matter jurisdiction over the claims asserted by him against the Defendants. Accordingly, the Defendants Motion to Dismiss (Dkt. 31) is **GRANTED**.

SIGNED at Galveston, Texas, this 16th day of October, 2018.

_____
George C. Hanks Jr.
United States District Judge